**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-31099
Summary Calendar

LARRY C. WALTERS,

Plaintiff-Appellant,

VERSUS

RUBICON INCORPORATED; R.H. LANE; LEONARD B. SANFORD;
JOHN DELANEY,

Defendants-Appellees.

Appeal from the United States District Court
For the Middle District of Louisiana
(95-CV-1927)

May 14, 1997

Before JONES, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Larry Walters ("Walters") appeals the district court's order granting summary judgment to defendant-appellee Rubicon, Inc. on his Americans with Disabilities Act ("ADA") claim. Walters argues on appeal that his high blood pressure condition, which was

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

aggravated due to stress related to his job, constituted a disability under 42 U.S.C. § 12102(2), and thus under the ADA, his employer Rubicon, Inc. was obligated to provide him with reasonable accommodation.

We review orders granting summary judgement *de novo*, employing the same standards as the district court. *Guillory v. Domtar Indus., Inc.*, 95 F.3d 1320, 1326 (5th Cir. 1996). In order to demonstrate a violation of the ADA, a plaintiff must show (1) that he suffers from a disability; (2) that he is qualified for the job; and (3) that an adverse employment action was taken against him because of his disability. *Rizzo v. Children's World Learning Ctrs, Inc.*, 84 F.3d 758, 763 (5th Cir. 1996).

To demonstrate a disability under the ADA, a plaintiff must demonstrate a (1) physical or mental impairment substantially limiting one or more major life activities, (2) a record of such impairment, or (3) that the plaintiff is regarded as having such an impairment. 42 U.S.C. § 12102(2).

In order to show a substantial limitation in working, there must be an impairment significantly restricting the performance of a class of jobs or a broad range of jobs in various classes. *See Bridges v. City of Bossier*, 92 F.3d 329, 334 (5th Cir. 1996), *cert. denied*, -- U.S. --, 117 S. Ct. 770, 136 L. Ed. 2d 715 (1997); *Weiler v. Household Finance Corp.*, 101 F.3d 519, 525 (7th Cir. 1996); *see also* 29 C.F.R. § 1630.2(j)(3) & (i). Walters' condition did not constitute a disability under the ADA. In this case,

Walters' only restriction on work was an inability to work with his stress-inducing supervisor.  Thus, without an inability to perform a class or broad range of jobs, he did not present the requisite disability.  *See Weiler*, 101 F.3d at 525 (citing cases) (if a plaintiff "can do the same job for another supervisor, [he] can do the job, and does not qualify under the ADA.")  In addition, high blood pressure, where not the source of limitations on "major life activities," as required by the ADA, *see* 42 U.S.C. § 12102(2); 29 C.F.R. § 1630.2(i), is not a disability.  *Oswalt v. Sara Lee Corp.*, 74 F.3d 91, 92 (5th Cir. 1996).

Walters did not demonstrate a disability under either of the alternative criteria.  Walters did not present a record of disability, nor did Rubicon regard him as having a disability.  Rather, it indicated a concern about his well-being.  *See Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 192 (5th Cir. 1996).

Walters failed to demonstrate a disability, the first of the three requirements necessary to an ADA claim, and we AFFIRM the district court.